OLIVER POWE vs. S. HART CULVER, ADMINISTRATOR, ET ALS.

Third Judicial District, Bridgeport, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A husband and wife, married before 1877, and childless, were in the joint occupancy of real estate, in which he owned six sevenths and she one seventh. The wife also had in her name bank deposits which had accumulated from sales and rentals of said real estate, and from savings from her husband's earnings. By agreement between them she gave him the bank deposits and he conveyed to her his interest in the real estate. His interest in the land was worth much more than the bank deposits. He intended to convey to his wife an absolute title which she could convey by will, and which his heirs would not take if she should survive him. They

both believed that in case of the death of either, the other would be the sole heir; this belief of the husband was not induced by the wife, nor did he make any effort to ascertain its truth, but stated it to her as fact, and she supposed it to be true. This belief was not the predominant cause of his making the exchange; but if he had known that he would take no interest in the land in case of his wife's death, he would not have made it without safeguarding himself. After this exchange the wife sold several lots and gave her husband the proceeds. Still later, to enable him to pay his debts, she conveyed to him a substantial part of the remaining land, upon his agreement not to ask for any such conveyance thereafter. It does not appear that he was induced to make this agreement by his belief as to his right to inherit it from her. After the wife's death, intestate, the husband brought an action against his wife's heirs to obtain title to the remaining real estate. *Held* that the facts furnished no equitable ground for setting aside his conveyance, since the subsequent transactions between husband and wife had returned to him a substantial part of the land in question, and the final conveyance to him, with the accompanying agreement, was a final and equitable adjustment of their respective rights in the land.

Whether the erroneous belief by a husband, who conveys valuable property to his wife intending to give her an absolute title, that he would inherit it from her in case of her prior death, would be sufficient ground in equity to set aside the conveyance, *quære*.

The wife also left a savings-bank account in her own name. Part of the deposits came from sales of her own land, and part was the proceeds of the sales of his land or the fruits of his labor, which he did not intend to give to her absolutely, but gave to her to hold in trust for him. *Held* that a judgment declaring the husband to be the owner of the latter sums, with the interest credited thereon, was correct.

Argued April 21st—decided June 30th, 1908.

SUIT to determine the equitable title to certain real and personal property standing in the name of the plaintiff's deceased wife, brought to and tried by the Superior Court in New Haven County, *Curtis, J.;* facts found and judgment rendered for the defendants (except in respect to a portion of the personal property), from which the plaintiff appealed. *No error.*

*Verrenice Munger* and *John O'Neill*, for the appellant (plaintiff).

*Edward A. Harriman*, for the appellees (defendants).

HALL, J. After his marriage in 1858, the plaintiff and his wife lived with her mother, Mrs. French, in her homestead, until the latter's death in 1860. At the time of her decease Mrs. French, a widow for many years, owned two tracts of land in Ansonia; one, the homestead, on the southerly side of Woodbridge Avenue, containing about three and one-half acres, and the other, on the northerly side, containing about three acres. Mrs. French, who died intestate, and whose estate was never settled, left seven children, five of whom in 1860 conveyed their interest in said land to the plaintiff. To each of four of them the plaintiff paid $150 as the consideration for such conveyance. To the fifth, who was an invalid and had lived with the plaintiff and his wife, he paid no money consideration. Another of said seven children died in California before 1885, never having married and never having asserted any claim to said land.

With such ownership by himself and his wife of a six-sevenths interest in said land, the plaintiff and his wife continued to live at the homestead after the death of Mrs. French. The plaintiff was a carpenter and building contractor, and occasionally borrowed money upon mortgage upon said land, in which mortgages his wife joined. In 1867 he commenced the construction of a two-family house on the northerly side of Woodbridge Avenue. In 1869 he sold the homestead for $2,850, his wife joining in the conveyance. He received the selling price and used it in his business. He then moved with his wife into the new house on the north side of the street, which was not finally completed until 1885, where they continued to live until the death of Mrs. Powe in 1905, and where the plaintiff still lives. There was no issue of the plaintiff's said marriage. The value of the house and land connected therewith at the time of her death was about $6,000.

Between 1867 and 1885 the plaintiff sold several lots, and constructed new buildings on some of them, and he and his wife mortgaged said land to raise money for the plaintiff's business. The plaintiff has given to his wife

sums of money received from the sale of lots and from building operations to be used by her for household purposes, for safe keeping, and for her own use, which she has deposited in her own name in a savings-bank with other money which she had received from tenants' rent and from other sources. From the money so saved Mrs. Powe in 1880 drew out and gave to the plaintiff, to enable him to meet his personal obligations, the sum of $500. In 1885 there remained so on deposit in her name $2,221.20, and there remained of said land undisposed of, about two and one-half acres on the north side of the street, including that upon which the plaintiff and his wife resided, and about two acres on the south side. The plaintiff was then greatly indebted in his business, and it was then agreed between him and his wife that she should give to him said sum of $2,221.20, and that he should transfer to her all his interest in the real estate; and in pursuance of said agreement the plaintiff, on the 25th of April, 1885, caused to be conveyed to her all his right, title, and interest in said land, intending to convey to her an absolute title thereto.

The trial court has found that " at and before the time of said transaction the plaintiff believed that in the event of the death of his wife, childless, he as her husband would be her sole heir," and that had he "realized that upon the death of his wife he would receive no part of her estate he would not have made the said conveyance," and that although such belief was not the "predominant or active cause of the said conveyance, . . . if he had then realized that the death of his wife at any time thereafter would leave him without any interest in the land, he would not have conveyed it without in some way safe-guarding himself, since his interest in the land was far more valuable than Mrs. Powe's interest in the money transferred to him." Such belief of the plaintiff was not in any way induced by his wife; he informed her that the survivor of them would be the sole heir of the other, and she accepted it as true.

Between April 25th, 1885, and January, 1890, there were several other building lots sold from said land, some from

each side of Woodbridge Avenue, the proceeds of which were, with the consent of Mrs. Powe, received by the plaintiff and used by him in discharging his personal obligations, some of which were incurred in improvements upon the house and grounds where they lived.

In 1890, having again become indebted, the plaintiff requested his wife to let him have the land on the south side of the street to clear up his indebtedness; and it having thereupon become understood between them that, if she would do so, he would not thereafter request any further transfer to him of the land conveyed to her as aforesaid on the 25th of April, 1885, Mrs. Powe, on the 20th of January, 1890, conveyed to him all the remaining land of said tract on the south side of Woodbridge Avenue, which the plaintiff thereafter sold in building lots, realizing·therefrom between $3,000 and $5,000.

In 1892 a dwelling-house on the north side of the street, the material and labor in building which, of the value of about $1,200, were furnished in part by the plaintiff and in part by his wife, was sold by Mrs. Powe for. $1,900, $100 of which was paid to the plaintiff, and kept by him, and the remainder was deposited by Mrs. Powe to her account, and in 1899 Mrs. Powe sold other land on the north side of the street for $1,000, which she also deposited in the savings-bank in her own name. The balance due on the account of Mrs. Powe at her decease in 1905 was $5,068.28, amounting, with interest to January 1st, 1908, to $5,651.74. From this sum the court deducted the said sums of $1,800 and $1,000 received by Mrs. Powe from said sales of land by her in 1892 and 1899, amounting, with interest, less withdrawals for her personal use, to $3,031.24, and rendered judgment for the plaintiff for the balance of $2,620.50 as all of said money in the savings-bank in which the plaintiff had any interest, and held that the plaintiff was not entitled to any of the land owned by Mrs. Powe at the time of her death.

These facts furnish little support for the plaintiff's contention that his conveyance of April 25th, 1885, to his wife,

was made under such a mistake of law or under such circumstances that a court of equity should set it aside and vest in him the title to the land of which she died seized.

First, it is to be observed that the facts found fail to sustain the averment of the complaint that it was not intended by the parties to the deed, that the land thereby conveyed should belong absolutely to Mrs. Powe, or the averment that there was an agreement or understanding between the parties that the land should be, in whole or in part, reconveyed to the plaintiff on demand. The finding on the contrary shows that the plaintiff intended to convey to her an absolute title which in case of his death before her would not be subject to the claims of his heirs, and which she could, even before his death, dispose of by will as she might wish to.

We have no occasion to inquire whether the mistake made by the plaintiff in ignorantly supposing when he executed the conveyance of April 25th, 1885, that he would inherit from his wife, in case he survived her, is one which might be a sufficient ground in equity for setting aside a deed made under such a belief. The facts found by the trial court, that the consideration received by the plaintiff for the conveyance of April 25th, 1885, was inadequate; that the plaintiff supposed that the survivor of the two parties to the deed "would be the sole heir" of the other, if there were no children; that if the plaintiff had realized that upon his wife's death "he would receive no part of her estate," and that her death "would leave him with no interest in the land," he would not have made the conveyance "without in some way safe-guarding himself," however material they might have been if no subsequent adjustment of their property relations had been effected, have little, if any, bearing upon the property conditions between the plaintiff and his wife as they existed at the time of her death. By reason of the subsequent property transactions between Mr. and Mrs. Powe, the plaintiff is not now in the position to say that he will have "received no part of the land" he conveyed to his wife by the deed of 1885, if that

Powe v. Culver.

deed is not set aside. Since making that conveyance he has "safe-guarded himself" against being left "without any interest in the land" so conveyed. He has since received the proceeds of the sales of several building lots of the land he had so conveyed to his wife, the value of which is not found, and in 1890 his wife reconveyed to him all the land on the south side of the street, which from the finding may have been of as great a value as $5,000. The arrangement between the plaintiff and his wife which resulted in the deed by her to her husband on January 20th, 1890, of the land on the south side of the street should be treated, as it evidently was by the trial court, as a final and satisfactory adjustment by the parties themselves of their property relations regarding the land embraced in the deed of April 25th, 1885. It does not appear that the plaintiff would not have consented to such a division of the real estate, if he then knew that he would not inherit his wife's property, upon her death without children. The court, therefore, rightly held that the plaintiff was not entitled to any part of the land in question.

For the reasons already stated, the trial court properly held that of the money in the savings-bank, the $1,800 and the $1,000 received by Mrs. Powe from the sale of land on the north side of the street after 1890, belonged, with accrued interest, to her estate, and that the plaintiff was only entitled to receive the balance of $2,620.50.

There is no error.

In this opinion the other judges concurred.